UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                Civil Action No. 13-20440

v.                                         Sean F. Cox
                                            United States District Judge

ORLANDO COOK,                     David R. Grand
                                            United States Magistrate Judge

                Defendant.``
_____/

**REPORT AND RECOMMENDATION TO DENY
PETITIONER'S MOTION FOR PERMISSION TO FILE
MOTION UNDER 28 U.S.C. § 2255 TO VACATE,
SET ASIDE, OR CORRECT SENTENCE (ECF No. 53)**

Before the Court is *pro se* Petitioner Orlando Zodiac Cook's ("Cook") Motion for Permission to File a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.  (ECF No. 53.)  The government filed a response (ECF No. 57.)  This motion has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  (ECF No. 61.)

I.      **RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Cook's Motion for Permission to File a Motion under § 2255 to Vacate, Set Aside, or Correct Sentence **(ECF No. 53)** be **DENIED**.

1

## II. REPORT

### A. Background

On August 13, 2013, Cook pleaded guilty to two counts of Interference with Commerce by Threats or Violence (the "Hobbs Act robbery charges"), in violation of 18 U.S.C. § 1951, and one count of Use, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1) (the "§ 924(c) charge"). (ECF No. 27, PageID.53-56; ECF No. 39, PageID.86-87.) The predicate offenses for the § 924(c) charge were the Hobbs Act robbery charges. On February 6, 2014, judgment was entered and Cook was sentenced to 57 months on each of the two Hobbs Act robbery charges (to run concurrently to one another), and 84 months on the § 924(c) charge (to run consecutively to the Hobbs Act robbery sentences), for a total of 141 months in prison. (ECF No. 39, PageID.88.)

Cook did not appeal his conviction or sentence. Nor did he file a motion under 28 U.S.C. § 2255 within § 2255(f)(1)'s one-year statute of limitations, which generally runs from "the date on which the judgment of conviction becomes final." There are a few exceptions to this general one-year statute of limitations, one of which allows a § 2255 motion to be filed one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

Cook now argues that on June 24, 2019, in *United States v. Davis*, 139 S.Ct. 2319 (2019), the United States Supreme Court held that § 924(c)(3)(B)'s "residual clause" is

"unconstitutionally vague," rendering his § 924(c) conviction unconstitutional. (ECF No. 53.) Thus, Cook contends his instant motion, which he filed on April 24, 2020, is timely under § 2255(f)(3).

For the reasons discussed below, Cook's argument lacks merit, and his motion should be denied.

### B. Legal Standards

Under 28 U.S.C. § 2255, a prisoner sentenced by a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" based on a claim "(1) 'that the sentence was imposed in violation of the Constitution or the laws of the United States;' (2) 'that the court was without jurisdiction to impose such sentence;' (3) 'that the sentence was in excess of the maximum authorized by law;' or (4) that the sentence 'is otherwise subject to collateral attack.'" *Hill v. United States*, 368 U.S. 424, 426-427 (1962). To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). A § 2255 petitioner seeking to set aside his sentence has the burden of establishing his case by a preponderance of the evidence. *McQueen v. U.S.*, 58 Fed. App'x 73, 76 (6th Cir. 2003).

### C. Analysis

Cook argues that in *Davis*, "the Supreme Court extended its due process vagueness doctrine to strike down 924(c)(3)(B)'s residual clause," and therefore his § 924(c) conviction is "no longer lawful and [he] should be allowed to file the § 2255" attacking

3

that conviction. (ECF No. 53, PageID.306-307.) This argument lacks merit, as the Supreme Court's ruling in *Davis* has no bearing on Cook's convictions.

§ 924(c)(1)(A) provides, in relevant part:

> any person who, **during and in relation to any crime of violence** or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
>
> (i) be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C.A. § 924(c)(1)(A) (emphasis added).

In other words, a charge under § 924(c) requires a predicate offense that constitutes a "crime of violence" or a "drug trafficking crime." As only the former is implicated in Cook's case, the Court turns to § 924's definition of "crime of violence." The statute defines the term as a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3)(A), (B).

These two clauses have been coined the "elements clause" (§ 924(c)(3)(A)) and the "residual clause" (§ 924(c)(3)(B)). Cook is correct in stating that in *Davis*, 139 S. Ct. at

4

2336, the U.S. Supreme Court held that the *residual clause* is unconstitutionally vague, however the Court did not find any defect in the *elements clause*. *See United States v. Richardson*, 948 F.3d 733,741 (6th Cir. 2020) (citing *Davis*, 139 S.Ct. at 2336). The Court thus must analyze whether, under the elements clause, the predicate crimes to which Cook pleaded guilty constitute "crimes of violence." In making this analysis, the Court applies an "elements-based categorical approach" rather than considering "the specific means by which the defendant committed the crime." *United States v. Evans*, 848 F.3d 242, 245-46 (4th Cir. 2017); *United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015).

Cook's argument fails because the Hobbs Act robbery charges underlying his § 924(c) charge and conviction indisputably qualify as crimes of violence under § 924(c)(3)(A)'s elements clause. Hobbs Act robbery is defined as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, ...." 18 U.S.C. § 1951(b)(1). The Sixth Circuit has repeatedly held that Hobbs Act robbery is a crime of violence. *See e.g.*, *Porter v. United States*, 959 F.3d 800,804(2020); *United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017); *Thomas v. United States*, 2020 WL 5262273 (2020) ("convictions of Hobbs Act robbery independently qualify as crimes of violence under § 924(c)(3)(A)); *see also United States v. Holmes*, 797 F.App'x 912,918 (6th Cir. 2019).

Because the predicate offense for Cook's § 924(c) conviction was Hobbs Act robbery, and because Hobbs Act robbery constitutes a crime of violence under §

5

924(c)(3)(A)'s elements clause, Cook's conviction is unaffected by *Davis*. Accordingly, Cook's instant motion for permission to file a § 2255 motion should be denied.

### D.      Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Cook's Motion for Permission to File Motion under § 2255 to Vacate, Set Aside, or Correct Sentence **(ECF No. 53)** be **DENIED**.

### E.      Certificate of Appealability

When considering a § 2255 motion, this Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. A petitioner must obtain a certificate of appealability ("COA") before he may appeal the denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In cases like Cook's where the petitioner's claims are rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, for all of the reasons stated above, the Court finds that Cook did not make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and cannot satisfy the *Slack* criteria. Accordingly, the Court should deny Cook a certificate of appealability.

Dated: July 30, 2021                              s/David R. Grand
Ann Arbor, Michigan                               DAVID R. GRAND
                                                  United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1), Fed. R. Crim. P. 59(b)(2), and E.D. Mich. LR 72.1(d)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 30, 2021.

s/Eddrey O. Butts  
EDDREY O. BUTTS  
Case Manager
